**Steve D. Larson,** OSB No. 863540
Email: slarson@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone:  (503) 227-1600
Facsimile:   (503) 227-6840

**Michael McShane** (to be admitted *pro hac vice*)
Email: mmcshane@audetlaw.com
**S. Clinton Woods** (to be admitted *pro hac vice*)
Email: cwoods@audetlaw.com
AUDET & PARTNERS, LLP
711 Van Ness Avenue, Suite 500
San Francisco, CA  94102-3275
Telephone: (415) 568-2555
Facsimile:   (415) 568 2556

*Attorneys for Plaintiff*

[Additional counsel listed in signature block]

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DON NGUYEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CREE INC.,<br><br>Defendant. | Case No. 3:18-cv-02097<br><br>**CLASS ACTION ALLEGATION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Don Nguyen files this Class Action Complaint on behalf of himself and all others similarly situated, by and through his undersigned attorneys, against Defendant Cree, Inc. ("Defendant" or "Cree"), and alleges as follows upon personal knowledge as to himself and his own acts and experience and, as to all other matters, upon information and belief based upon, among other things, investigation conducted by his attorneys.

## NATURE OF THE CASE

1.      Plaintiff brings this class action individually and on behalf of the Class defined below against Defendant to obtain damages and declaratory relief.  This class action is brought to remedy violations of law in connection with Cree's unfair and deceptive practice of, among other things, promising consumers that its LED lightbulbs (the "LED Lightbulbs" or "Lightbulbs") will last for particularly long periods of time up to 35,000 hours.  These longevity representations are prominently made on the principal display panel of the Lightbulbs and are viewed by every consumer at the point of purchase.  In reliance on those representations, consumers paid and continue to pay a premium for the LED Lightbulbs.

2.      The front of label representations, which promise longevity for far longer than the Lightbulbs actually last, taken in conjunction with Cree's marketing scheme, far out-promise the actual life of the Lightbulbs.

3.      Furthermore, through a uniform scheme and common course of conduct, Cree markets the LED Lightbulbs on its website, product packaging, marketing literature and through retailers, claiming that "[W]e know people prefer better light, and we believe you should not compromise when it comes to the light in your home. That's why we designed no compromise, full featured LED bulbs…"

4.      Cree's packaging offers a "100% Satisfaction Guarantee" for LED Bulbs and an estimated lifetime of between 15-32 years depending on the product. The packages further offer an estimated yearly energy cost savings ranging from around $0.60 to $2 per bulb per year. Cree packaging also offers a "10 Year Warranty."

5.      Cree's warranty representations on the website boast, "What's even better than a product that claims to be superior? How about standing behind that promise with one of the strongest warranties in the industry. Cree LED Light bulbs don't just come with a promise of a better experience. They come with a 10 year 100% satisfaction guarantee."

{SSBLS Main Documents/9074/001/00752477-1 }
Page 2 -    **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

6.      Cree's marketing efforts are made in order to—and do in fact—induce its customers to purchase the LED Lightbulbs at a premium because consumers believe the Lightbulbs will last for far longer than their actual life.

7.      To the detriment of the consumer, Cree's claims regarding the longevity of the LED Lightbulbs are false.  The LED Lightbulbs do not last nearly as long as advertised.

8.      Based on Defendant's misleading and deceptive representations, Defendant was able to, and did, charge a premium price for the Products over the cost of competitive products.

9.      Plaintiff and the Class members all paid money for the Products. However, Plaintiff and the Class members did not obtain the full value of the advertised Products due to Defendant's misrepresentations and omissions. Plaintiff and the Class members purchased, purchased more of, and/or paid more for, the Products than they would have had they known the truth about the Products. Consequently, Plaintiff and the Class members have suffered injury in fact and lost money as a result of Defendant's wrongful conduct.

10.      Cree's customers across the nation have been cheated out of millions of dollars based on false promises, which have caused damages to Plaintiff and the members of the Class. Plaintiff seeks recovery for Defendant's unfair practices, as well as its breach of warranty, and, alternatively, assumpsit and common counts.

## JURISDICTION AND VENUE

11.      This is a nationwide class action commenced by Plaintiff on behalf of himself and all others similarly situated members of the Class defined below. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332 of the Class Action Fairness Act of 2005 because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one plaintiff and defendant are citizens of different states. This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

12.    Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391 because Defendant has advertised in this district and division and received substantial revenues and profits from the sales of the LED Lightbulbs in this district and division, and because a substantial part of the events and/or omissions giving rise to the claims occurred within this district and division.

13.    This Court has personal jurisdiction over Defendant because it has conducted substantial business in this judicial district and division, and intentionally and purposefully directed the LED Lightbulbs into the stream of commerce within the districts of Oregon and throughout the United States.

## PARTIES

14.    Plaintiff Don Nguyen is a resident of Clackamas County, Oregon.

15.    Defendant Cree is an organization incorporated in North Carolina, with its principal place of business at 4600 Silicon Drive, Durham, in Durham County, North Carolina.  Defendant transacts or has transacted business in Oregon and within this district, as well as throughout the United States. At all times material to this Complaint, acting alone or in concert with others, Defendant has advertised, marketed, distributed, or sold the LED Lightbulbs to consumers throughout the United States.

## FACTUAL ALLEGATIONS

16.    It used to be that consumers did not have a great many choices with respect to purchasing lightbulbs—60-watt incandescent bulbs were the norm.  However, incandescents wasted a lot of energy. Energy-saving compact fluorescent lamps (CFLs) were fluorescent lamps designed to replace incandescent lamps.  LED (light emitting diode) bulbs were introduced to the market relatively soon after CLFs and, because they are even more energy-efficient than CLFs, they quickly overtook their market share.  Indeed, LED bulbs are now mostly considered as the mainstream light source with the phasing out of traditional incandescents.

{SSBLS Main Documents/9074/001/00752477-1 }
Page 4 -    **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

17.     Incandescent bulbs typically last between 1,000 and 2,000 hours, and CFLs typically last about 10,000 hours. The lifespan for LED replacements is routinely quoted as 25,000 to 50,000 hours. Long lifespan, and the reduced power used to create the same amount of light, is what makes this technology so promising and induces consumers to purchase LED Lightbulbs.

18.     Many of Cree's LED bulbs are sold with packaging which indicates that the product comes with a 10 Year Warranty or "100% Satisfaction Guaranteed." Furthermore, the packages all contain an estimated lifetime use and energy saving, indicating that the products will save consumers money in the long term despite their high purchase price point. These representations signal to the customer that the useful life of the product will be at least 10 years or more.

19.     Furthermore, Cree packaging boasts that their products have a life of "45+ years" or more depending on the bulb.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

{SSBLS Main Documents/9074/001/00752477-1 }

Page 5 -    **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840



{SSBLS Main Documents/9074/001/00752477-1 }

Page 6 -    **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840



{SSBLS Main Documents/9074/001/00752477-1 }
Page 7 - **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

20.    Cree has created an overall marketing scheme that overpromises the longevity of the Lightbulbs. Specifically, the longevity representations (i.e. 45+ years), taken in conjunction with the marketing and advertising of the Lightbulbs detailed herein, signals to the consumer that the bulbs will significantly outlast traditional incandescent bulbs, when it is, in fact, not true.

21.    Independent testing, as well as the experience of Plaintiff and numerous consumers demonstrate that Defendant's lightbulbs burn out far more quickly than advertised, sometimes within a matter of weeks or months.

22.    Cree manufactures three categories of LED bulbs: Standard A-Type, Reflector (Flood/Spot), and Specialty.  On its website, Cree claims with respect to each type of LED Lightbulb that "the Cree LED bulb is designed to create comfortable living spaces with better colors… [D]esigned to last more than 22 years (25,000 hours)[1], the Cree LED bulb is a worry-free choice backed by a 100% performance satisfaction guarantee."

23.    Defendant manufactures six types of Cree Standard A-Type LED bulbs: a 40 Watt Replacement, 60 Watt Replacement, Connected 60 Watt Replacement, 75 Watt Replacement, 100 Watt Replacement, and 3-Way Replacement.

24.    Cree's website and marketing materials claim, with respect to its 100 Watt Replacement Standard A-Type bulbs that "Unlike some others, Cree doesn't compromise" and "Long LED lifetime lasts 13+ years (15,000 hours), up to 3x as long as the cheap LED bulbs."

25.    Furthermore, Cree claims with respect to its 40/60/75 Watt Standard A-Type LED bulbs that "Longer LED lifetime lasts 22+ years (25,000 hours), up to 6x as long as the cheap LED bulbs."

26.    Cree's website and marketing materials also claim with respect to its Connected 60 Watt Replacement bulbs that they feature a "25,000-hour lifetime compared to about 1,000 hours for a typical incandescent."

---

[1] Some products, such as the 100 Watt Replacement Standard A-Type bulb, state that they will last for 13 years, or 15,000 hours.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

27.    The Cree Reflector (Flood/Spot) products come in eight variations including: a 75 Watt Replacement Flood, a 65 Watt Replacement Flood, 100 Watt Replacement Flood, 85 Watt Replacement Flood, 120 Watt Replacement Flood, 120 Watt Replacement Spot, 75 Watt Replacement Bright Flood, 75 Watt Replacement Bright Spot, Downlight 55 Watt Replacement, Downlight 65 Watt Replacement, and Downlight100 Watt Replacement.

28.    All of the Reflector series bulbs advertise a "Longer LED lifetime lasts 22+ years (25,000 hours), up to 6x as long as the cheap LED bulbs." The only exceptions are the Downlight 55/65/100 Watt bulbs which advertise "Longer LED lifetime lasts 32+ years (35,000 hours), up to 6x as long as the cheap LED bulbs."

29.    The Cree LED "Specialty" line comes in two varieties, the 25 Watt Replacement Candelabra and the 40 Watt Replacement Candelabra, both of which advertise "Longer LED lifetime lasts 22+ years (25,000 hours), up to 6x as long as the cheap LED bulbs."

30.    In addition to the claims about longevity, each Cree product makes a claim about an "estimated" cost savings for the purchaser buying the product, which range based on the cost of the product and the advertised lifespan for the LED lights. For example, the 55 Watt Replacement Downlight advertises an estimated savings of $177 per bulb, and a yearly energy cost savings of $1.08. The 100 Watt Replacement Standard A-Type bulb advertises a Lifetime savings of $138 with a yearly average energy cost savings of $1.99. The 40 Watt Replacement Standard A-Type bulb advertises a lifetime savings of $95 and a yearly energy cost savings of $0.66.

31.    Cree further entices consumers by asserting "When you buy an LED bulb, you expect it to be in your home for a long time. Cree does too. That's why Cree designs and tests its bulbs to last longer, with rated lifetimes equal to or exceeding Energy Star minimum requirements. Most Cree LED bulbs are rated to last 25,000 hours. So, you'll be happy to have beautiful Cree LED light in your home for decades."

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

**Defendant's Label Misrepresentations**

32.    Defendant's misrepresentations within advertisements and marketing include, but are not limited to, the following:

- Defendant's labels advertise that the products have a 13-45+ years useful lifetime.

- Defendant's labels indicate that the products have a 10 Year Warranty.

- Defendant's labels indicate that the products carry a 100% Satisfaction Guarantee.

- Defendant's labels indicate that the products will save consumers hundreds of dollars per bulb of energy costs over the useful lifetime of the product.

**Defendant's Advertising and Marketing Misrepresentations**

- "Long LED lifetime lasts 13+ years (15,000 hours), up to 3x as long as the cheap LED bulbs."

- "Longer LED lifetime lasts 22+ years (25,000 hours), up to 6x as long as the cheap LED bulbs"

- "Longer LED lifetime lasts 32+ years (35,000 hours), up to 6x as long as the cheap LED bulbs."

- "[D]esigned to last more than 22 years (25,000 hours), the Cree LED bulb is a worry-free choice backed by a 100% performance satisfaction guarantee The LED general purpose bulbs "last up to 25,000 hours, equal to 25 incandescents."

- 25,000-hour lifetime compared to about 1,000 hours for a typical incandescent."

- "Most Cree LED bulbs are rated to last 25,000 hours. So, you'll be happy to have beautiful Cree LED light in your home for decades."

33.    In addition, the various lifetime savings estimations asserted by Defendant in its advertising are illusory and incorrect.

34.    Furthermore, Cree ran several internet and television ads which make various claims regarding the longevity of the bulbs, especially as they relate to the lifetime of the Cree bulbs in comparison to incandescent bulbs. For instance, one ad features an actor who metaphorically buries an incandescent bulb – set into a tiny bulb-shaped coffin – to emphasize

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

that the new Cree bulb heralds the death knell of the incandescent bulb[2]. Still other television and internet ads, featuring the same actor, make other claims about Cree's superior lifetime and performance in comparison to incandescent bulbs.[3] These advertisements were part of Cree's pervasive marketing efforts and were viewed by Plaintiff and members of the class.

35.    Through the advertisements described above and others, Cree represented, directly or indirectly, expressly or by implication, that the LED Lightbulbs would last for specified periods or lifespans.  These representations are false.  The Lightbulbs do not in fact last for the warranted time or lifespan.

**Online Customer Complaints**

36.    Evidencing the impact of Cree's plan and scheme, numerous Cree customers from multiple states have lodged complaints online.  Consumers regularly complain that they were lured by Cree's representations of the lifespan of the LED Lightbulbs but the Lightbulbs failed well before the promised time frame.

37.    Set forth below is a small sample of customer complaints made on the Internet regarding Defendant's fraudulent scheme:

- Has anyone else had issues with the Cree 60 watt equivalent soft white bulbs that home depot sells? Out of the 1st four pack I bought, 1 went bad in about 3 months. I got 15 more from Duke energy at reduced prices and 3 of them have gone bad. Two I have yet to open so out of the 17 used, 4 have gone bad. That a 24% failure rate on a 10 year warranty bulb in a matter of months.
  …
  Most have gone bad with reduced output and some flash at reduced output. One was flashing and I actually her it pop inside and it went dark. It's definitely the electronics as all the LEDs still worked. These are all in open bathroom fixtures by the way.[4]

---

[2] *See* "Eulogy", at https://www.ispot.tv/ad/7o4P/cree-bulbs-eulogy (last viewed 4/30/18);
[3] *See, e.g.*, "Obsolete", at https://www.ispot.tv/ad/7Km3/cree-bulbs-the-room-of-enlightenment-obsolete-ft-lance-reddick (last viewed 4/30/18); *and* "What Caboodle Actually Means", at https://www.ispot.tv/ad/AEuk/cree-led-bulbs-what-caboodle-actually-means-feat-lance-reddick (last viewed 4/30/18); *and* "Child" at https://www.youtube.com/watch?v=YT8Lhb0_y-0 (last viewed 4/30/18); *and* "1879" at https://www.youtube.com/watch?v=LPn8EodTjQA (last viewed 4/30/18).
[4] http://www.dslreports.com/forum/r29858942-Rant-CREE-LED-Bulbs-going-bad
{SSBLS Main Documents/9074/001/00752477-1 }

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

- CREE has really, really stepped down quality. I bought 2 CREE daylight LED bulbs and two months after putting them in the rubbery coating they had on on the plastic globe around the diotes started to cra

- Man, I was so happy with these things...up until they started going out. I bought a bunch of these (qty. 10) less than 2-3 months ago. So far 4 of them have burnt out already. They start flickering and with a pop or a fizzle, they are                                                                                             gone.

  I have since switched over to Philips in hopes that they will last longer.

  What sucks is the warranty for these is such that you have to have the original boxes, a store receipt, and pay to ship them to them for review when they go out. Who keeps the packaging? Especially when they boast a crazy long life warranty. Guess I should have known, too good to be true right?[5]

- Great at first but both ones I bought started strobing after only a year and had to get rid of them. Not anywhere hear the rated life I expected.[6]

- Was a beautiful light for about 3 weeks, after which point it burnt out. I've never had a bulb in a simple desk lamp burn out so quickly.[7]

- I bought 7 of the BR30 lamps 5/24/15 and already 3 of them have failed. Sending the lamps to Cree rather than Home Depot (who was the only re-seller of the lamp) seems designed to deter anyone from using the warranty. I purchased 6 GE reveal branding LED BR30s at the same time and not one has failed. I have a 2700sq/ft home with all LEDs lamps from several other brands (including walmart store brand level). So far only these CREE branded bulbs have failed. I have very little faith that the remainder of the bulbs will last much longer. Very disappointing.[8]

## **INDIVIDUAL PLAINTIFF FACTS**

38.     Plaintiff Don Nguyen is a resident of Clackamas County, Oregon who purchased four 100 Watt Standard A-Type bulbs on or around October of 2015 from Home Depot. He paid approximately $15-20 for each bulb. Prior to purchasing the bulbs, Mr. Nguyen reviewed the representations on the label which compared the Cree bulbs to other LED and non-LED light bulbs.

---

[5] https://www.amazon.com/gp/customer-reviews/R3NMC4TJ8AAE3U/ref=cm_cr_getr_d_rvw_ttl?ie=UTF8&ASIN=B00BXFP0SS
[6] https://www.amazon.com/gp/customer-reviews/R29EY7QY334JCL/ref=cm_cr_arp_d_rvw_ttl?ie=UTF8&ASIN=B00BXFP0SS
[7] https://www.amazon.com/gp/customer-reviews/RTB8E4XK8T1HV/ref=cm_cr_arp_d_rvw_ttl?ie=UTF8&ASIN=B00BXFP0SS
[8] https://www.facebook.com/atka1971/posts/10156193064939672:0

{SSBLS Main Documents/9074/001/00752477-1 }
Page 12 -  **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

Those representations included, but are not necessarily limited to: representations that he would save upwards of $100 per bulb over the life of the bulb; representations that the bulb would perform better than other less-expensive LED and non-LED bulbs; representations that the bulbs were guaranteed and/or warranted for performance; and representations that they would last 15 years.

39.    In addition, Mr. Nguyen viewed some internet and television advertisements by Cree prior to purchasing that contained representations that the bulbs would last longer, use a fraction of the energy of incandescent bulbs, and save Plaintiff money. Mr. Nguyen relied on these representations, and in doing so decided to purchase the Cree LED bulbs. Were it not for the marketing representations made by Defendant that he relied upon, Mr. Nguyen would not have bought the Cree LED bulbs, or would not have paid a price premium for them.  Within two years, all bulbs burned out even though Mr. Nguyen used them according to the instructions. Mr. Nguyen attempted to contact Cree to request replacement but was unsuccessful in contacting Cree through their website.

## CLASS ACTION ALLEGATIONS

40.    Plaintiff brings this suit as a class action on behalf of himself and all other similarly situated Cree customers (the "Class") pursuant to Fed.R.Civ.P.23.  Plaintiff seeks to represent the following Class:

> All persons in Oregon who purchased the LED Lightbulbs during the applicable limitations period.  Excluded from the Class are (a) any Judge or Magistrate presiding over this action and members of their families; (b) the Defendant and its subsidiaries and affiliates; and (c) all persons who properly execute and file a timely request for exclusion from the Class (the "Class").

41.    Plaintiff reserves the right to re-define the Class (hereinafter referred to as the "Class," unless otherwise specified) prior to moving for class certification.

42.    The exact number of Class members is unknown as such information is in the exclusive control of Defendant. Plaintiff, however, believes that the Class encompasses thousands of individuals who are geographically dispersed throughout Oregon.  Therefore, the number of

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

persons who are members of the Class described above are so numerous that joinder of all members in one action is impracticable.

43.    Questions of law and fact that are common to the entire Class predominate over individual questions because the actions of Defendant's complained of herein were generally applicable to the entire Class.  These legal and factual questions include, but are not limited to:

a.    The nature, scope and operations of Defendant's wrongful practices;

b.    Whether Defendant marketed, designed, manufactured and sold LED lights into the stream of commerce which do not last as long as their represented and/or warranted life span and do not provide the promised costs savings;

c.    Whether the LED lights prematurely fail before their represented and/or warranted life span

d.    Whether the LED lights are capable of and provide the costs savings promised and represented by Defendants over the represented and warranted life span for the products;

e.    Whether Defendant knew and failed to disclose that the LED lights were not durable and long lasting as they represented, promised and warranted and instead would fail well before their projected life span;

f.    Whether Defendant knew and failed to disclose that LED lights were not durable and long lasting as they represented, promised and warranted , and as such, the consumer would not achieve or realize the promised cost savings over the warranted life span for LED lights;

g.    Whether Defendant engaged in unconscionable, deceptive, misleading and/or fraudulent conduct and/or practices with respect to the sale of the LED lights or processing and handling of warranty claims ;

{SSBLS Main Documents/9074/001/00752477-1 }

Page 14 -  **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

h.  Whether Defendant misrepresented, omitted or concealed information regarding the characteristics, quality, serviceability or longevity of the LED Lights;

i.  Whether Defendant's marketing of the LED lights was false, deceptive, and misleading to a reasonable consumer:

j.  Whether Defendant's conduct violated Oregon law and whether based on the substantial connection between the wrongful conduct in question and Defendant's operations in Oregon, whether such law can be applied to the claims of all Class Members;

k.  Whether Defendant's conduct constituted a breach of applicable warranties and/or gives rise to claims in *assumpsit*;

l.  Whether, as a result of Defendant's actions, omissions and/or misrepresentations of material facts related to the LED Lightbulbs, Plaintiff and members of the Class have suffered an ascertainable loss of monies and/or property and/or value;

m.  Whether Plaintiff and the Class members paid a price premium for the Cree LED Lightbulbs that they would not have but for the false marketing representations by Defendant.

n.  Whether Plaintiff and Class members are entitled to monetary damages and/or other remedies and, if so, the nature of any such relief.

44.   Plaintiff's claims are typical of the members of the Class because Plaintiff and Class members were injured by the same wrongful practices.  Plaintiff's claims arise from the same practices and course of conduct that gives rise to the claims of the Class members, and are based on the same legal theories.  Plaintiff has no interests that are contrary to or in conflict with those of the Class he seeks to represent.

{SSBLS Main Documents/9074/001/00752477-1 }
Page 15 -  **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

45.    Questions of law or fact common to Class members predominate. A class action is superior to other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all Class members is economically unfeasible and procedurally impracticable. While the Class members' aggregate damages are likely to be in the millions of dollars, the individual damages incurred by each Class member are, as a general matter, too small to warrant the expense of individual suits.  The likelihood of individual Class members prosecuting separate individual claims is remote, and even if every Class member could afford individual litigation, the court system would be unduly burdened by the individual litigation of such cases. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials on the same factual issues.  Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. Certification of the Class under Rule 23(b)(3) is proper.

46.    Relief concerning Plaintiff's rights under the laws herein alleged and with respect to the Class would be proper.  Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with regard to Class members as a whole and certification of the Class under Rule 23(b)(2) proper.

## TOLLING OF STATUTES OF LIMITATIONS

47.    Discovery Rule: Plaintiff's and class members' claims accrued upon discovery that the LED bulbs did not have the useful life advertised by Defendant. While Defendant knew, and concealed, these facts, Plaintiffs and class members could not and did not discover these facts through reasonable diligent investigation until after they experienced the product's failure.

48.    Active Concealment Tolling: Any statutes of limitations are tolled by Defendant's knowing and active concealment of the facts set forth above. Defendant kept Plaintiff and all class members ignorant of vital information essential to the pursuit of their claim, without any fault or

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

lack of diligence on the part of Plaintiff. The details of Defendant's efforts to conceal its above-described unlawful conduct are in its possession, custody, and control, to the exclusion of Plaintiff and class members, and await discovery. Plaintiff could not have reasonably discovered these facts, nor that Defendant failed to disclose material facts concerning its performance

49.    <u>Estoppel</u>: Defendant is and was under a continuous duty to disclose to Plaintiffs and all class members the true character, quality, and nature of the product. At all relevant times, and continuing to this day, Defendant knowingly, affirmatively, and actively concealed the true character, quality, and nature of the products. The details of Defendant's efforts to conceal its above-described unlawful conduct are in its possession, custody, and control, to the exclusion of Plaintiff and class members, and await discovery. Plaintiff reasonably relied on Defendant's active concealment. Based on the foregoing, Defendant is estopped from relying on any statutes of limitation in defense of this action.

50.    <u>Equitable Tolling</u>: Defendant took active steps to conceal and misrepresent material facts relating to the products' performance. The details of Defendant's efforts are in its possession, custody, and control, to the exclusion of Plaintiff and class members, and await discovery. When Plaintiff learned about this material information, he exercised due diligence by thoroughly investigating the situation, retaining counsel, and pursuing his claims. Should such tolling be necessary, therefore, all applicable statutes of limitation are tolled under the doctrine of equitable tolling.

## FIRST CLAIM FOR RELIEF

### VIOLATION OF THE OREGON UNLAWFUL TRADE PRACTICES  LAW,

### ORS 646.605, *et seq.*

51.    Plaintiff re-alleges and incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

52.    ORS 646.605, *et seq.* prohibits acts of "unlawful business or trade practices," which is defined by the statute as including "representing that…goods have… characteristics, uses,

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

benefits, quantities or qualities that the… goods… do not have." The law further defines unlawful business or trade practices as "Represent[ing] that real estate, goods or services are of a particular standard, quality or grade… if the real estate, goods or services are of another." The law further defines unlawful business practices as a business that "Engages in any other unfair or deceptive conduct in trade or commerce."

53.    Defendant has engaged in unfair competition and unfair, unlawful or fraudulent business practices by the conduct, statements, and omissions described above by (1) making material representations about the quality, characteristics, reliability, durability, longevity and benefits of the LED Lightbulbs such as set forth herein, upon which Plaintiff was exposed to and reasonably relied as they were a substantial factor in his purchase decision, and/or (2) omitting the material facts about the actual lifespan of the LED Lightbulbs upon which Plaintiff would have relied had such facts been timely and adequately disclosed.

54.    Defendant's representations set forth above regarding the qualities, reliability, durability and lifespan of the LED Lightbulbs are false.

55.    Defendant concealed from Plaintiff and Class members the material facts that the LED Lightbulbs would not actually last for the period or lifespan represented and that the Plaintiff and Class members would not realize the promised cost savings.

56.    Defendant should have disclosed this information because it was in a superior position to know the true facts related to the LED Lightbulbs, was aware of the nature, qualities, reliability, durabaility and lifespan of the LED Lightbulbs at the time it sold the Lightbulbs to consumers, and Plaintiff and Class members could not reasonably be expected to learn or discover the true facts related to the LED Lightbulbs until actual failure.

57.    The omissions and acts of concealment by Defendant pertained to information material to Plaintiff and Class members and would have been likely to deceive them based on reasonable consumers' expectations and assumptions as to the lifespan of the LED Lightbulbs. Facts that indisputably pertain to the lifespan of the Lightbulbs—that they were specifically

{SSBLS Main Documents/9074/001/00752477-1 }
Page 18 -  **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

represented to last for a certain period of time-- are presumptively material to the reasonable consumer. An inference of reliance on such facts thus exists as a reasonable person would attach importance or significance, in determining whether to purchase the LED Lightbulbs at the prices they did, to the lifespan of the Lightbulbs. Had Defendant fully and adequately disclosed that its representations regarding the lifespan of the Lightbulbs were false or unsubstantiated, Plaintiff and the Class would not have purchased the LED Lightbulbs, or in the alternative would have paid less for.

58.    These acts and practices have also deceived Plaintiff and are likely to deceive persons targeted by such statements and omissions. In misrepresenting and failing to disclose material information regarding the lifespan of the LED Lightbulbs from Plaintiff and Class members, Defendant breached its duties to disclose these facts, violated the Unfair Trade Practices Act, and caused injuries to Plaintiff and Class members. The injuries suffered by Plaintiff and Class members are also greatly outweighed by any potential countervailing benefit to consumers or to competition. Nor are they injuries that Plaintiff and Class members should or could have reasonably avoided.

59.    Further, the acts and practices described in this Complaint were intended to result in the sale of goods, specifically the LED Lightbulbs, in consumer transactions. Defendant has violated, and continues to violate, the Unfair Trade Practices Act by:

- Representing that the LED Lightbulbs have characteristics or benefits, as described herein, which the Lightbulbs do not have, or omitting material facts to the contrary.

- Representing that the LED Lightbulbs are of a particular standard or quality, when the Lightbulbs are of another, or omitting material facts to the contrary.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

- Advertising the LED Lightbulbs as having the potential to bring about certain results with the intent to sell the Lightbulbs without actually having those capabilities.

- Representing that the LED Lightbulbs were supplied in accordance with previous representations, when they were not, or omitting material facts to the contrary.

60.    Defendant made material representations about the quality, characteristics, reliability and benefits of the LED Lightbulbs such as referenced herein, upon which Plaintiff was exposed to and reasonably relied as they were a substantial factor in his purchase decision, and/or omitted the material facts about the actual lifespan of the LED Lightbulbs upon which Plaintiff would have relied had such facts been timely and adequately disclosed.    Defendant's representations set forth above regarding the qualities and lifespan of the LED Lightbulbs were false when made.  Defendant concealed from Plaintiff and Class members the material facts that the LED Lightbulbs would not actually last for the promised length of time.

61.    The omissions and acts of concealment by Defendant pertained to information material to Plaintiff and Class members in that it would have been likely to deceive them based on reasonable consumers' expectations and assumptions. These facts are or would be presumptively material to the reasonable consumer. Had Defendant fully and adequately disclosed true qualities of the LED Lightbulbs, Plaintiff and Class Members would not have purchased the Lightbulbs or paid the prices that they did for them.

62.    Plaintiff and the Class members have thus suffered damage as a result of these violations.

63.    Defendant concealed the true qualities and lifespan of the LED Lightbulbs even though it was or reasonably should have been aware of this information.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

64.     Defendant's misrepresentations and omissions of material fact described in the preceding paragraphs were at a minimum made without the use of reasonable procedures adopted to avoid such errors.

65.     Defendant, directly or indirectly, has engaged in substantially similar conduct with respect to Plaintiff and each member of the Class.

66.     Unless Defendant is enjoined from engaging in such wrongful actions and conduct in the future, members of the consuming public will be further damaged by Defendant's conduct.

67.     Plaintiff seeks to enjoin further unlawful, unfair and/or fraudulent acts or practices by Defendant, to obtain restitutionary disgorgement of all monies and revenues generated as a result of such practices, statutory damages, actual damages, and all other relief allowed under the law.

## SECOND CLAIM FOR RELIEF

### FRAUDULENT MISREPRESENTATION AND CONCEALMENT

68.     Plaintiff re-alleges and incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

69.     Defendant, either directly and/or through agents, made material misrepresentations and concealed material information concerning the qualities, characteristics, reliability, durability, longevity, benefits and lifespan of the LED Lightbulbs from its customers as set forth above.

70.     At the times Defendant misrepresented and concealed these material facts, Plaintiff and the members of the Class had no knowledge of the material facts that Defendant misrepresented and failed to disclose.

71.     At all times relevant, Defendant had superior knowledge regarding the qualities, characteristics, reliability, durability, longevity, benefits and lifespan of the LED Lightbulbs than did Plaintiff and Class members.

72.     By misrepresenting and failing to disclose material facts, Defendant intended that the Plaintiff and Class members would rely upon such failures to disclose material facts.

{SSBLS Main Documents/9074/001/00752477-1 }
Page 21 - **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

73.    Defendant owed a duty to Plaintiff and Class members to disclose material facts related to their purchase of the LED lights, including but not limited to the foregoing facts that concerned the qualities, characteristics, reliability, durability, longevity, benefits and lifespan of the LED Lightbulbs.

74.    Plaintiff and all Class members did, in fact, rely upon such Defendant's failure to disclose all material facts and, as a consequence, became customers of Defendant and purchased the LED lightbulbs. Plaintiff and Class members relied to their detriment on Defendant's omissions of material facts and upon representations delivered through Defendant's marketing materials, including its website and advertisements. Had Defendant disclosed to customers that its representations regarding the qualities, characteristics, reliability, durability, longevity, benefits and lifespan of the Lightbulbs were false or were not substantiated at the time that were made, Plaintiff and Class members would not have purchased the LED Lightbulbs from Defendant, or would have paid less for the LED lights.

75.    As a direct and proximate result of Defendant's deceptive, fraudulent, and unfair practices, Plaintiff and Class members have suffered injury in fact and/or actual damages in an amount to be determined at trial.

76.    Plaintiff, on behalf of himself and all others similarly situated, demands judgment against Defendant for damages and declaratory relief.

## THIRD CLAIM FOR RELIEF

### UNJUST ENRICHMENT

77.    Plaintiff re-alleges and incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

78.    As Plaintiff and the Class show just grounds for recovering money to pay for benefits Defendant received from them, they have a right to restitution at law through an action derived from the common-law writ of assumpsit by implying a contract at law, or a quasi-contract as an alternative to a claim for breach of contract.

{SSBLS Main Documents/9074/001/00752477-1 }

Page 22 -  **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

79.    Plaintiff and members of the Class conferred a benefit upon Defendant by purchasing the LED Lightbulbs from Defendant.

80.    Defendant had knowledge that this benefit was conferred upon it.

81.    Defendant, having received such benefits, is required to make restitution as the circumstances here are such that, as between the two, it is unjust for Defendant to retain such monies based on the illegal conduct described above. Such money or property belongs in good conscience to Plaintiff and the Class members and can be traced to funds or property in Defendant's possession. Plaintiff and Class members have unjustly enriched Defendant through payments and the resulting profits enjoyed by Defendant as a direct result of such payments. Plaintiff's and Class members' detriment and Defendant's enrichment were related to and flowed from the conduct challenged in this Complaint.

82.    Defendant  appreciated, accepted, and retained the non-gratuitous benefits conferred by Plaintiffs and the proposed Class members, who, without knowledge that the LED Lights would not perform as advertised, paid a higher price for the product than it was worth. Defendant  also received monies for the LED lights  that Plaintiff and the proposed Class members would not have otherwise purchased.

83.    It would be inequitable and unjust for Defendant to retain these wrongfully obtained profits.

84.    Defendant's retention of these wrongfully obtained profits would violate the fundamental principles of justice, equity, and good conscience.

85.    An entity that has been unjustly enriched at the expense of another is required to make restitution to the other. Under common law principles recognized in claims of common counts, assumpsit, and quasi-contract, as well as principles of unjust enrichment, under the circumstances alleged herein it would be inequitable for Defendant to retain such benefits without paying restitution or damages therefor. Defendant should not be permitted to retain the benefits conferred via payments to be received from and/or paid by Plaintiff and Class members as a result

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

of such transactions, and other remedies and claims may not permit them to obtain such relief, leaving them without an adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

## BREACH OF EXPRESS AND IMPLIED WARRANTIES

86.    Plaintiff incorporates by reference each and every prior and subsequent allegation of this Complaint as if fully restated herein.

87.    Defendant sold the products in their regular course of business.  Plaintiff and Class members purchased the LED products.

88.    The Products are "consumer products" within the meaning of the Magnuson- Moss Warranty Act, 15 U.S.C. § 2301(1) and Oregon law, respectively. The products cost more than five dollars.

89.    Plaintiffs and Class members are "consumers" and "buyers" within the meaning of the Magnuson-Moss Act, 15 U.S.C. § 2301(3) and Oregon law, respectively.

90.    Defendant is a "supplier" and "warrantor" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(4) – (5). Defendant is also a "manufacturer" and "seller" within the meaning of Oregon law, respectively.

91.    Defendant made promises and representations in an express warranty provided to all consumers, which became the basis of the bargain between Plaintiff, Class members and Defendant.

92.    Defendant's written affirmations of fact, promises and/or descriptions as alleged are each a "written warranty."  The affirmations of fact, promises and/or descriptions constitute a "written warranty" within the meaning of the Magnuson-Moss Act, 15 U.S.C. §2301(6).

93.    By placing such products into the stream of commerce, by operation of law including the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 *et seq.*, and ORS 72.3140 and 72.3150, Defendants also impliedly warranted to Plaintiff and Class members that the LED lightbulbs were of merchantable quality (i.e., a product of a high enough quality to make it fit for

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

sale, usable for the purpose it was made, of average worth in the marketplace, or not broken, unworkable, contaminated or flawed or containing a defect affecting the safety of the product), would pass without objection in the trade or business, and were free from material defects, and reasonably fit for the use for which they were intended.

94.     Defendant breached all applicable warranties because the products suffer from a latent and/or inherent defect that causes it to fail, rendering it unfit for its intended use and purpose. This defect substantially impairs the use, value and safety of the Product.

95.     The latent and/or inherent defect at issue herein existed when the LED bulbs left Defendants' possession or control and was sold to Plaintiff and the Class members.  The defect was undiscoverable to Plaintiff and the Class members at the time of purchase.

96.     All conditions precedent to seeking liability under this claim for breach of express and implied warranty have been performed by or on behalf of Plaintiff and others in terms of paying for the goods at issue.  Defendant, having been placed on reasonable notice of the defect in the Products and breach of the warranties, have had an opportunity for years to cure the defect for Plaintiff and all Class members, but has failed to do so.

97.     Defendant was on notice of the problems with the LED bulbs based on the complaints it received directly from Plaintiff and Class members, and from the plethora of public complaints.

98.     Defendant breached their express and implied warranties, as the Product did not contain the properties Defendant represented.

99.     Defendant's breaches of warranty have caused Plaintiffs and Class members to suffer injuries, paying for defective products, and entering into transactions they would not have entered into for the consideration paid.  As a direct and proximate result of Defendant's breaches of warranty, Plaintiff and Class members have suffered damages and continue to suffer damages, including economic damages in terms of the cost of the Product and the cost of efforts to mitigate the damages caused by same.

{SSBLS Main Documents/9074/001/00752477-1 }
Page 25 -  **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

100.    As a result of the breach of these warranties, Plaintiffs and Class members are entitled to legal and equitable relief including damages, costs, attorneys' fees, rescission, and/or other relief as deemed appropriate, for an amount to compensate them for not receiving the benefit of their bargain.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and members of the Class, respectfully requests that this Court:

101.    Determine that the claims alleged herein may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and issue an order certifying one or more Classes as defined above;

102.    Appoint Plaintiff as the representative of the Class and his counsel as Class counsel;

103.    Award all actual, general, special, incidental, statutory, injunctive, and consequential damages to which Plaintiff and Class members are entitled;

104.    Award pre-judgment and post-judgment interest on such monetary relief;

105.    Award reasonable attorneys' fees and costs; and

106.    Grant such further relief that this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury on all issues within the instant action so triable.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

DATED this 6th day of December, 2018.

Respectfully submitted,

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.

By: s/Steve D. Larson
**Steve D. Larson**, OSB No. 863540

209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone:  (503) 227-1600
Facsimile:  (503) 227-6840
Email:  slarson@stollberne.com

**Michael McShane** (to be admitted *pro hac vice*)
**S. Clinton Woods** (to be admitted *pro hac vice*)
AUDET & PARTNERS, LLP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone:  (415) 568-2555
Facsimile:  (415) 568-2556
Email:  mmcshane@audetlaw.com
cwoods@audetlaw.com

**Charles J. LaDuca** (to be admitted *pro hac vice*)
**Alexandra C. Warren** (to be admitted *pro hac vice*)
CUNEO GILBERT & LADUCA, LLP
4725 Wisconsin Avenue, NW, Suite 200
Washington, DC 20016
Telephone:  (202) 789-3960
Facsimile:  (202) 789-1813
Email:  charles@cuneolaw.com
awarren@cuneolaw.com

**Melissa S. Weiner** (to be admitted *pro hac vice*)
PEARSON, SIMON & WARSHAW, LLP
800 LaSalle Avenue, Suite 2150
Minneapolis, MN 55402
Telephone:  (612) 389-0600
Facsimile:  (612) 389-0610
Email:  mweiner@pswlaw.com

**Charles E. Schaffer** (to be admitted *pro hac vice*)
LEVIN SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Telephone:  (215) 592-1500
Facsimile:  (215) 592-4663
Email:  cschaffer@lfsblaw.com

{SSBLS Main Documents/9074/001/00752477-1 }
Page 27 -  **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

**Jason P. Sultzer** (to be admitted *pro hac vice*)
SULTZER LAW GROUP
351 West 54th Street, Unit 1C
New York, NY 10019
Telephone:  (212) 969-7811
Facsimile:  (888) 749-7747
Email:        sultzerj@thesultzerlawgroup.com

Attorneys for Plaintiff

{SSBLS Main Documents/9074/001/00752477-1 }
Page 28 -  **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840