IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


**DON NGUYEN**, individually and on behalf
of all others similarly situated,

       Plaintiff,

    v.

**CREE, INC.**,

       Defendant.

Case No. 3:18-cv-02097-SB

OPINION AND ORDER


**MOSMAN, J.,**

On November 6, 2019, Magistrate Judge Stacie F. Beckerman issued her Findings and

Recommendation ("F&R") [40], recommending that Defendants' Motion to Dismiss [6] be

denied in part and granted in part and that Defendant's Request for Judicial Notice [8] be

granted. Defendants objected [42], and Plaintiff filed a response to the objection [43].

## DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may

file written objections. The court is not bound by the recommendations of the magistrate judge

but retains responsibility for making the final determination. The court is generally required to

make a de novo determination regarding those portions of the report or specified findings or

recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court

is not required to review, de novo or under any other standard, the factual or legal conclusions of

the magistrate judge as to those portions of the F&R to which no objections are addressed. *See*

*Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121

(9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R

depends on whether or not objections have been filed, in either case, I am free to accept, reject,

or modify any part of the F&R.  28 U.S.C. § 636(b)(1)(C).

Judge Beckerman recommended that Defendant's motion be denied in part and granted in

part. F&R [40] at 1. Specifically, she recommended that this court should grant the motion and

dismiss Plaintiff's claims based on alleged misrepresentations regarding the minimum estimated

lifespan of Defendant's bulbs as being preempted by federal law, Plaintiff's unjust enrichment

claim, and Plaintiff's breach of implied warranty claim. *Id.* at 18. She recommended the motion

be denied as to Plaintiff's claims for violations of the Oregon Unlawful Trade Practices Act

(UTPA), his claim for fraudulent representation and concealment, and his claim for breach of

express warranty. *Id.* at 13, 16, 18. She also recommended that this court deny Defendant's

motion on standing and preemption grounds. *Id.* at 7, 11.

I disagree with one aspect of Judge Beckerman's recommendations. Judge Beckerman

recommended that Defendant's motion be denied as it relates to Plaintiff's claim for breach of

express warranty. F&R [40] at 18. She reasoned that Plaintiff's complaint allowed an inference

that Defendant had not "repaired, replaced, or refunded the bulbs at issue here." *Id.* I disagree.

Plaintiff's complaint does not allege that he sought a repair, replacement, or refund, nor does it

actually allege that Defendant breached any warranty. Plaintiff's argument as to his fourth claim

for relief (breach of express and implied warranties) alleges that defendant made warranties to

consumers by way of its packaging, that the products were defective, and that this defect

constitutes a breach. Compl. [ECF 1] at 24-25. As Judge Beckerman correctly found, alleging a

defect is not sufficient to allege a breach of express warranty. F&R [40] at 18 (citing *Young v. Cree, Inc.*, 2018 WL 1710181, at *9 (N.D. Cal. Apr. 9, 2018)). I therefore GRANT Defendant's motion to dismiss on this ground as well, and Plaintiff's claim for breach of express warranty is DISMISSED without prejudice.

I otherwise adopt Judge Beckerman's recommendations, but I do not wholly adopt her reasoning as to the issue of standing. I deny Defendant's motion on standing grounds only because a disconnect between the complaint and Plaintiff's briefing gives rise to an apparent fact dispute. Plaintiff alleged in his complaint that he purchased four 100-watt bulbs made by Defendant in October 2015. Compl. [1] ¶ 38. He alleged that those four bulbs burned out within two years. *Id.* ¶ 39.

Defendant then produced, in a declaration attached to the motion to dismiss, a record that indicates Plaintiff submitted a warranty request for four 100-watt bulbs in October 2017. Williams Decl. [ECF 7-1] at 1. This warranty claim appears to fit the description for the four bulbs that Plaintiff alleges he purchased. In addition, Defendant also produced a record that shows that Plaintiff made two other warranty claims, one for six bulbs, Williams Decl. [ECF 7-2] at 1, and one for three bulbs. Williams Decl. [ECF 7-3] at 1. In total, the warranty claims appear to document that Plaintiff purchased—and had replaced—thirteen bulbs. That accounts for more lightbulbs than Plaintiff has alleged he purchased.

However, Plaintiff's briefing remains ambiguous on this point. First, in his complaint, Plaintiff states that he "attempted to contact Cree to request replacement but was unsuccessful in contacting Cree through their website." Compl. [1] at ¶ 39. Later, in briefing, Plaintiff argues that "[t]he fact that Plaintiff may have purchased more bulbs that he received replacements for prior to filing [this] suit does not mean Plaintiff cannot establish standing . . . ." Pl.'s Opp. to Mot. for

Summary J. [ECF 25] at 16. Those statements are incompatible. Either Plaintiff was unsuccessful in filing a warranty claim or not. Second, as noted above, Plaintiff's complaint alleges only that he bought four bulbs, which appear to be the same bulbs Cree has shown that it replaced. In briefing, however, Plaintiff alleges he bought some number of other bulbs that were not replaced through Defendant's warranty program. *Id.* This ambiguity gives rise to a possibility that Plaintiff has purchased some bulbs that he has not received a remedy for, which would convey him standing. *See Hamilton v. General Mills, Inc.*, 2016 WL 4060310 at *5 (D. Or. July 27, 2018) (holding that failure to show injury beyond the one already cured by virtue of a refund prevents a plaintiff from stating an injury that would confer standing to sue).

Finally, for the sake of clarity, my reading of *Hamilton* is somewhat broader than Judge Beckerman's. If Plaintiff has received replacement bulbs for every bulb that he purchased, this is sufficient to satisfy *Hamilton* and eliminate standing. It is immaterial whether Plaintiff received a refund or a replacement. It is also my position that standing is eliminated if Plaintiff was offered replacement bulbs through the warranty program but refused to mitigate his damages, which was also the case in *Hamilton. Id.* at *5. Unless Plaintiff can show that (1) he purchased bulbs from Defendant that have not been replaced through the warranty program, and (2) that the warranty program is, in some way, a mere façade, he cannot show that he has standing.

## CONCLUSION

Upon review, I agree with Judge Beckerman's recommendation and I ADOPT the F&R [40]. I GRANT Defendant's Request for Judicial Notice [8], and I GRANT in part and DENY in part Defendant's Motion to Dismiss for Failure to State a Claim [6]. Plaintiff's claims for alleged misrepresentations regarding the minimum estimated lifespan of Defendant's bulbs as being

preempted by federal law, unjust enrichment, and breach of express and implied warranties are DISMISSED without prejudice. Plaintiff 's amended complaint is due on December 30, 2019.

IT IS SO ORDERED.

DATED this 17 day of December, 2019.

MICHAEL W. MOSMAN
Chief United States District Judge